**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICKY TYRONE CROWDER,

    DEFENDANT/PETITIONER,

V.

UNITED STATES OF AMERICA,

    PLAINTIFF/RESPONDENT.

CIVIL ACTION NO. 01-80098

HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

_____/

## ORDER DENYING PETITIONER'S MOTION PURSUANT TO 18 U.S.C. §§ 3572(d) & 3572(a)(c)(1) [D/E # 25],

## REQUIRING THE GOVERNMENT TO RESPOND TO PETITIONER'S MOTION TO REDUCE SENTENCE PURSUANT 18 U.S.C. § 3582(c)(2) [D/E # 26],

## GRANTING THE GOVERNMENT'S MOTION FOR DESTRUCTION OF A FIREARM [D/E # 27]

Before the Court are Crowder's Motion to Reduce the Amount of Restitution imposed at the time of sentencing on September 19, 2002, Crowder's Motion to Reduce his Sentence filed pursuant 18 U.S.C. § 3582(c)(2), and the Government's Motion for Destruction of Firearm. For the reasons stated below, the Court **DENIES** Crowder's motion to reduce the amount of restitution, **ORDERS** the Government **TO RESPOND** to Crowder's motion to reduce sentence, and **GRANTS** the Government's motion to destroy the firearm.

In 2001, Crowder was charged with two counts of bank robbery in violation of 18 U.S.C. § 2113 and one count of using, carrying and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Crowder pled guilty to all three counts contained in the indictment. This Court sentenced Crowder to 188 months on Counts 1 & 2 each to run concurrently and 84 months on Count 3 to run consecutively. Crowder was also ordered to pay restitution in the amount of $8461.00 to the victims of his crimes.

Before the Court is Crowder's motion to the reduce the restitution amount of $8,461.00

imposed at the time of sentencing on September 19, 2002.  Crowder contends that the restitution order far exceeds the appropriate amount of fine/restitution that he could be penalized under 18 U.S.C. § 2113(a).  At the outset, Crowder is using an outdated edition of the Federal Criminal Code and Rules.  Since October, 1987, the controlling statute for imposition of a fine for Title 18 offenses is 18 U.S.C. § 3571(b), which allows a fine up to $250,000.00.  The $5,000.00 maximum fine that Crowder cites in his brief was stricken from 18 U.S.C. § 2113(a) with the publication of the 1995 edition of the Federal Criminal Code.

Crowder also confuses the issue of the Court imposing a fine under 18 U.S.C. § 3571 and the Court ordering restitution under the provisions of 18 U.S.C. § 3663A.  The Court under 18 U.S.C. § 3663A was required to order full restitution to the victim.  Crowder's reference to 18 U.S.C. § 3572 is also misplaced.  The only provision of § 3572 applicable to an order of restitution is the payment schedule.   As Crowder notes in his motion, the Court pursuant to § 3572 has already determined that an immediate, lump sum payment was not appropriate and amended the Judgment and Commitment Order on April 4, 2003 to indicate that restitution was to commence upon his release from imprisonment.  For these reasons,

**IT IS HEREBY ORDERED** that Crowder's Motion Pursuant to 18 U.S.C. § 3572(d) and § 3572(a)(c)(1) be **DENIED**.

Crowder also seeks to reduce his sentence pursuant to title 18 U.S.C. § 3582(c)(2).  § 3582(c)(2) permits a District Court to modify a term of imprisonment if the defendant,

> has been sentenced to a term of imprisonment based on the sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon the motion of the defendant... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Crowder argues that he was not given the benefit of the sentencing guideline's, U.S.S.G. § 2k2.4, commentary as amended by Amendment 599.  The commentary clarifies the circumstances when a weapons enhancement cannot be applied to an offense sentenced in conjunction with a conviction under either 18 U.S.C. §§ 924(c), 844(h) or 929(a) .  In effect the

Amendment codified the prohibition against double counting stating:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example. If (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.

U.S.S.G. § 2k2.4 comment n.2.

Crowder was convicted along with the bank robbery counts of 18 U.S.C. § 924(c) and sentenced under § 2k2.4(a)(2). Crowder contends that the probation department failed to comply with sentencing guideline's commentary when it created the presentence report. As a result, Crowder argues, the district court erroneously applied the specific offense characteristic of brandishing a firearm to the underlying offense causing the court to add sentence enhancements to both bank robbery counts. The Government has not responded to Crowder's motion.

**IT IS HEREBY ORDERED** that the Government respond to Crowder's Motion to Reduce Sentence within 30 days of entry of this order.

The Government seeks to permission to destroy the firearm seized in connection with the case because the return of the firearm to defendant would violate the law. Defendant is a convicted felon who cannot possess firearms or ammunition. For that reason, returning the property to Defendant would be prohibited. Based on these facts,

**IT IS HEREBY ORDERED** that the Government's Motion for the Destruction of a

Firearm is **GRANTED**.

                                            S/ARTHUR J. TARNOW
                                            Arthur J. Tarnow
                                            United States District Judge

Dated: June 8, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 8, 2007, by electronic and/or ordinary mail.

                                            S/THERESA E. TAYLOR
                                            Case Manager