UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY TYRONE CROWDER,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Criminal Case No. 01-80098
Civil Case No. 16-12372

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING MOVANT'S MOTION TO VACATE SENTENCE [38]; DENYING AS MOOT GOVERNMENT'S MOTION TO STAY LITIGATION [42]**

Movant Ricky Tyrone Crowder, through counsel, filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C § 2255 [38] on June 24, 2016. The Government filed a Response [42] on July 28, 2016. Because Crowder's Motion is time-barred, the Court **DENIES** the Motion to Vacate Sentence.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 10, 2001, Crowder pleaded guilty to: Bank Robbery (Counts I and II) in violation of 18 U.S.C. § 2113(a); and Using, Carrying and Brandishing a Firearm During a Crime of Violence (Count III) in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Crowder's Sentencing Guidelines were 188 to 235 months on Counts I and II and 84 months on Count III, based in part on an enhancement under the Guidelines' career offender provisions, § 4B1.2(a), for 1987 and 1991 Bank Robbery convictions.

On September 19, 2002, the Court sentenced Crowder to 188 months of imprisonment on Counts I and II to run concurrently, and 84 months of imprisonment on Count III to run consecutive to the term imposed on Counts I and II. [Dkt. #13]. Crowder filed an appeal on September 27, 2002. [Dkt. #14]. On June 4, 2004, the Sixth Circuit affirmed the judgment and sentence of this Court. [Dkt. #23].

On April 16, 2007, Crowder filed a Motion to Reduce Sentence [26] Pursuant to 18 U.S.C. § 3582(c)(2). The Court denied the Motion to Reduce Sentence on February 7, 2008. [Dkt. #33]. On February 19, 2008, Crowder filed a Notice of Appeal [34]. The Sixth Circuit dismissed the appeal for want of prosecution on April 18, 2008. [Dkt. #36].

On June 24, 2016, Crowder filed the instant Motion to Vacate Sentence [38] seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Crowder argues that he is entitled to resentencing under *Johnson* because his 1987 and 1991 bank robbery convictions no longer qualify as "crimes of violence" under § 4B1.2(a).

In lieu of a response, the Government filed a Motion to Stay Litigation Pending Supreme Court's Decision in *Beckles v. United States* [42] on July 28, 2016.

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct sentence, a petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render

the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

A petitioner seeking relief under 28 U.S.C. § 2255 is bound by a one-year period of limitation. The limitations period begins from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### I. Crowder's Motion is untimely under § 2255(f)(1)

"For the purpose of starting the clock on § 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522 (2003). A petition for certiorari must be filed within 90 days of the entry of judgment. *Penry v. Texas*, 515 U.S. 1304, 1305 (1995).

Crowder's conviction became final on September 2, 2004, 90 days after the Sixth Circuit affirmed his conviction. To comply with the one-year period of limitations set forth in § 2255(f)(1), Crowder should have filed this Motion on or

before September 2, 2005. Crowder did not file this Motion until June 24, 2016, over ten years after his conviction became final. Therefore, the Motion is untimely.

## II. Crowder does not qualify for relief under *Johnson v. United States*

Crowder submits that the instant Motion is timely pursuant to § 2255(f)(3) because he filed the Motion within one year of the Supreme Court's ruling in *Johnson*, decided on June 26, 2015.

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [ACCA] violates due process" because the residual clause is unconstitutionally vague. 135 S. Ct. at 2554. However, Crowder was sentenced under the career offender provisions of the Sentencing Guidelines, not under the ACCA. In *Beckles v. United States*, 137 S. Ct. 886, 888 (2017) the Supreme Court held that the Sentencing Guidelines, unlike the ACCA, are not subject to a vagueness challenge.

Although *Beckles* held that *Johnson* did not apply to the advisory Sentencing Guidelines, the case left open the question of whether *Johnson* applies to the pre-*Booker*, mandatory Guidelines. *Id.* at 903 n.4 ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)— that is, during the period in which the Guidelines *did* 'fix the permissible range of sentences,' *ante,* at 892—may mount vagueness attacks on their sentences.").

The Court sentenced Crowder in 2002 under the mandatory Guidelines. While *Beckles* does not control in this case, *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017) forecloses Crowder's argument for relief under *Johnson*. Raybon was sentenced to 295 months of imprisonment in 2004. *Id.* at 628. Ten years later, Raybon moved to vacate his sentence pursuant to § 2255 based on *Johnson*. *Id.* The Sixth Circuit denied Raybon's petition as untimely under § 2255(f)(1) and (f)(3). *Id.* at 629. In response to Raybon's argument that his petition was timely under § 2255(f)(3) because he had filed it within one year of the Supreme Court's decision in *Johnson*, the Court explained:

> Because it is an open question, it is *not* a right that has been newly recognized by the Supreme Court let alone one that was made retroactively applicable to cases on collateral review . . . . In other words, [b]ecause the Supreme Court has not decided whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague— and did not do so in *Johnson* [*2015*]—Petitioner's motion is untimely under § 2255(f)(3) . . . .

*Id.* at 630 (internal citations and quotation marks omitted).

Similar to Raybon, Crowder filed the instant § 2255 Motion over ten years after his conviction became final. The Sixth Circuit has made clear that Crowder's claim for relief under *Johnson* does not constitute a right newly recognized by the Supreme Court. In consonance with *Raybon*, Crowder's Motion is untimely and "cannot be saved under § 2255(f)(3)." *Id.*

## CONCLUSION

The Court need not reach the merits of the Motion [38] because it is time-barred.

Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate Sentence [38] is **DENIED**. Defendant is **GRANTED** a certificate of appealability.

**IT IS FURTHER ORDERED** that the Government's Motion to Stay Litigation [42] is **DENIED as moot**.

**SO ORDERED**.

                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: March 2, 2018            Senior United States District Judge